**PRUITT v. LITMAN et al.**

**Civ. A. No. 8014.**

United States District Court
E. D. Pennsylvania.

Feb. 25, 1949.

Louis I. Metzman, of Moss & Moss, Philadelphia, Pa., for plaintiff.

Edward Unterberger, Philadelphia, Pa., for defendants.

KIRKPATRICK, Chief Judge.

The defendants made application, under the Act of May 22, 1946, 60 Stat. 207 et seq., 50 U.S.C.A. Appendix, § 1821 et seq., and pertinent regulations, for priorities for building materials. The maximum sales price of the houses to be constructed was finally fixed at $9,200 each and priorities were issued by the Housing Expediter. The defendants completed a number of single dwelling houses and offered them for sale.

The plaintiff early in June of 1947 discussed with the defendants the purchase of one of the houses for herself and child to live in. On June 16, 1947, the plaintiff's brother signed an agreement by which the defendants agreed to sell the last remaining house for the sum of $10,750. The reason for making the arrangement with the plaintiff's brother was that a $5,000 purchase money mortgage was to be given and the plaintiff, having separated from her husband, was not at the time able to get him to join in the agreement. At the time the agreement was signed the plaintiff gave the defendants her check for $1,000 down

money. Subsequently the plaintiff's husband agreed to execute the mortgage with her and the agreement of sale was assigned to her on June 23, 1947. The defendants were apprised of this fact, and the deed and mortgage were prepared accordingly. Settlement was made on August 1, 1947, the plaintiff being named as grantee and she and her husband executing the purchase money mortgage.

The plaintiff actually paid the consideration of $10,750 which consisted of the mortgage and three checks drawn by her on her own bank account. After the settlement the complainant and her son occupied the premises as their home until July of 1948, when she sold the house for $11,500.

The plaintiff did not at any time authorize or agree to pay for extras and the defendants never made any application nor did they receive any authorization from the Housing Expediter for extras for the house in question.

 The Act of May 22, 1946, (under Section 7(d) of which this action is brought) was repealed by the Act of June 30, 1947. The only saving clause in the repealing Act provides that "any allocations made or committed, or priorities granted for the delivery, of any housing materials or facilities under any regulation or order issued under the authority contained in said Act, and before the date of enactment of this Act, with respect to veterans of World War II, their immediate families, and others, shall remain in full force and effect." 50 U.S.C.A. Appendix, § 1881. I am of the opinion that this saving clause in the repealing of the statute is not so plainly in conflict with the general rule of statutory construction established by Title 1 U.S.C.A. § 109, as to make that Section, 109, inapplicable. The statutory rule of construction there provided is that the repeal of a statute shall not have effect to release or extinguish a liability incurred under such statute unless the repealing act shall so expressly provide. There is no such provision in the Act of June 30, 1947, and it follows that the Act of May 22, 1946, "shall be treated as still remaining in force for the purpose of sustaining any proper action * * * for the enforcement of such * * * liability." Section 109.

There was no statute or regulation in force in July of 1948, which would cause the plaintiff's reselling the property to impair her right of action.

 Under the circumstances of this case, the defendants having full knowledge that the plaintiff was the real purchaser and the arrangement with her brother having been made with the defendants' consent and agreement, in order to meet a temporary difficulty, the fact that the first agreement of sale was signed by her brother does not operate to defeat her right. She is still the person aggrieved, within the contemplation of the statute.

My conclusion is that the plaintiff is entitled to judgment for $1,550 with interest from August 1, 1947, plus a counsel fee of $200.

An order for judgment may be presented.

The statements of fact and conclusions of law contained in the foregoing opinion may be taken as special findings and conclusions.