**KATZ et al. v. LITMAN et al.**

Civ. A. No. 8225.

United States District Court
E. D. Pennsylvania.

March 25, 1949.

I. I. Jamison, of Sundheim, Folz, Kamsler & Goodis, Philadelphia, Pa. for plaintiffs.

Edward Unterberger, Philadelphia, Pa., for defendants.

WELSH, District Judge.

This is an action under the Act of May 22, 1946, c. 268, 60 Stat. 207, 50 U.S.C.A., Title, Veterans' Emergency Housing Program, § 1821 et seq.

The testimony, stipulations of counsel and the depositions of Carl Vulpio disclose the following facts:

In the latter part of January, 1947, plaintiffs and defendants entered into an oral agreement of sale for the premises 1907 Conlyn Street, Philadelphia, Pennsylvania. At that time plaintiffs paid to Charles Litman, one of the defendants, the sum of $1,000.00 on account of the purchase price of $10,750.00. In March, 1947, the parties orally agreed to substitute premises 1911 Conlyn Street, Philadelphia, Pennsylvania, for premises 1907 Conlyn Street, Philadelphia. The parties, in confirming the original oral agreement of sale as amended, on August 1, 1947 entered into a written agreement of sale for premises 1911 Conlyn Street, Philadelphia, Pennsylvania, setting forth a purchase price of $10,750.00. On August 18, 1947, the defendants sold and conveyed to plaintiffs premises 1911 Conlyn Street, Philadelphia, Pennsylvania, for and in consideration of the sum of $10,750.00. The aforesaid property was subject to a maximum sales price of $9200 as established by the Housing Expediter pursuant to the aforesaid Act of Congress.

The plaintiffs demanded of the defendants $1550, the sum paid by them, the plaintiffs, in excess of the maximum price and the defendants refuse to refund said sum or any part thereof; whereupon plaintiffs brought the present action under Section 7(d) of the Act of May 22, 1946, supra.

The defendants' argument that the plaintiffs cannot recover because the Act of May 22, 1946, under which the present action is brought was repealed by the Act of June 30, 1947, c. 163, 61 Stat. 193, was rejected by Judge Kirkpatrick in Pruitt v. Litman et al., D.C., 89 F.Supp. 705 in the following language: "The Act of May 22, 1946, (under Section 7(d) of which this action is brought) was repealed by the Act of June 30, 1947. The only saving clause in the repealing Act provides that 'any allocations made or committed, or priorities granted for the delivery, of any housing materials or facilities under any regulation or order issued under the authority contained in said Act, and before the date of enactment of this Act, with respect to veterans of World War II, their immediate families, and others, shall remain in full force and effect.' 50 U.S.C.A.Appendix, § 1881. I am of the opinion that this saving clause in the repealing of the statute is not so plainly in conflict with the general rule of statutory construction established by Title 1 U.S.C.A. § 109, as to make that Section, 109, inapplicable. The statutory rule of construction there provided is that the repeal of a statute shall not have effect to release or extinguish a liability incurred under such statute unless the repealing act shall so expressly provide. There is no such provision in the act of June 30, 1947, and it follows that the Act of May 22, 1946, 'shall be treated as still remaining in force for the purpose of sustaining any proper action * * * for the enforcement of such * * * liability.'" Section 109.

708

· As the facts in the Pruitt v. Litman case and the present case are substantially the same we think said case controls here. Accordingly, we hold that the Act of May 22, 1946, despite its repeal, must be treated as still remaining in full force and effect for the purpose of sustaining any proper action for the enforcement of a liability incurred thereunder. As the maximum price of the premises in question as established by the Housing Expediter pursuant to the provisions of the Act of May 22, 1946, was $9200, there can be no doubt that the defendants became liable when they agreed to sell and finally sold said premises to the plaintiffs for $10,750.00.

The conclusion of this Court is that the plaintiffs are entitled to the sum of $1,550.00, plus interest and costs and plus also a counsel fee of $250.00.

An order for judgment will be entered in conformity with the foregoing opinion.