**UNITED STATES v. C. B. S.
CONST. CO., Inc.**

Civ. A. No. 1591.

United States District Court
S. D. Florida, Tampa Division.
Nov. 1, 1950.

Herbert S. Phillips, U. S. Atty., Arthur L. Steed, Asst. U. S. Atty., Tampa, Fla., for plaintiff.

Robert W. Patton and Gillen & Hodges, all of Tampa, Fla., for defendant.

WHITEHURST, District Judge.

This is an action brought by the United States for a mandatory injunction requiring the defendant corporation to make restitution to seven purchasers of homes of the difference between the ceiling price as fixed on the said homes and the amount paid at the time of purchase of the homes by the seven named persons.

On or about August 24, 1946, the C. B. S. Construction Company, Inc., applied for and received an HH priority rating for the purpose of building ten dwellings on West Sterling Circle in Hillsborough County, Florida. The maximum ceiling price established by the Federal Housing Administration and the sale price on said property were in accordance with the following table:

| Lot No. | Ceiling Price | Sale Price | Excess Over Ceiling |
|---|---|---|---|
| 85 | $7050 | $8750 | $1700 |
| 87 | 7050 | 8000 | 950 |
| 88 | 7200 | 8500 | 1300 |
| 89 | 7050 | 8750 | 1700 |
| 90 | 7200 | 8500 | 1300 |
| 91 | 7050 | 9000 | 1950 |
| 92 | 7200 | 9250 | 2050 |

The facts in the instant case are not in dispute and show, in addition to those stated above, that in accordance with regulations the ceiling prices at the time of the applications were fixed, that no formal application for increase in the maximum ceiling prices was filed by the defendant corporation, although application for increase in FHA commitments were requested and granted. The basis for the allowance of the increase in the FHA commitments was substantially the same as might have permitted an increase in the ceiling prices had formal application been made for such an increase, i. e., increased cost of labor and materials between September of 1946 and the completion date on the houses after June 30, 1947. The seven homes on which the United States seeks mandatory injunction to recover the alleged excess over ceiling price were completed and sold subsequent to June 30, 1947.

The United States contended that even though the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq., repealed the sections of the Veterans' Emergency Housng Act of 1946, 50 U.S.C.A.Appendix, § 1821 et seq., which provided for the ceiling prices on homes constructed under HH priorities, and which provided for recovery where the price for which the property was sold exceeded the fixed ceil-

ing price, nevertheless Section 109 of Title 1 U.S.C.A., which reads as follows: "The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability. The expiration of a temporary statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the temporary statute shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability", acted as a savings clause; and therefore the action for the recovery could be maintained.

The defendant maintained that Section 109 of Title 1 U.S.C.A., did not apply because after June 30, 1947, the effective date of the Housing and Rent Act of 1947, there was no provision in the law for ceiling prices on homes and, therefore, as the dwellings were completed and sold subsequent to June 30, 1947, the sale date being the date when the alleged violation occurred, Section 109 could not act as a savings clause to permit the recovery.

The United States, in support of its position, cited to the Court four cases as follows: Rheinberger v. Reiling, D.C.Minn., 3rd Div., 89 F.Supp. 598; Pruitt v. Litman, D.C.E.D.Pa., 89 F.Supp. 705; Katz v. Litman, D.C.E.D.Pa., 89 F.Supp. 706; Nesseth v. Creeden, D.C.Minn., 80 F.Supp. 269.

The defendant cited to the Court the case of United States v. Fortier, D.C.N.H. 89 F. Supp. 708.

It is my view that the reasoning in the case of United States v. Fortier, supra, is applicable to the facts of the case at bar, and that Section 109 could only serve as a savings clause in the instant case if the completion of the homes or the sale thereof occurred prior to the time that the sections providing for ceiling prices and actions to recover excesses, were repealed.

Under such conditions last mentioned Section 109 would permit the institution of a suit for the recovery of such excesses, even though the sections creating liabilities had been repealed and no longer were in force and effect. It is my view that since the section of law providing for the ceiling was not in existence subsequent to June 30, 1947, after which date the houses were completed and sold, Section 109 could not be a savings clause applicable to the facts and circumstances of this case.

Accordingly, there must be judgment for the defendant.